UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOHAMED KENNEH, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *   Civil Action No. 17-cv-10490-IT |
| | * |
| STEVEN W. TOMPKINS, | * |
| | * |
| Respondent. | * |

MEMORANDUM & ORDER

July 6, 2017

TALWANI, D.J.

Pending before this court is Respondent Steven W. Tompkins' Renewed Motion to Dismiss [#20] Petitioner Mohamed Kenneh's Petition for Writ of Habeas Corpus ("Petition") [#1]. Respondent also filed a Status Report and Notice of Intent to Remove [#25] on June 14, 2017. For the reasons set forth below, Respondent's Renewed Motion to Dismiss [#20] is GRANTED.

I. Factual and Procedural Background

Petitioner is a native and citizen of Liberia who entered the United States as a Lawful Permanent Resident on November 1, 2000. Pet. ¶¶ 1, 7 [#1]. On April 7, 2016, after conviction for violation of an abuse prevention order, Petitioner was taken into ICE custody and charged with being deportable pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act. Id. ¶ 7. On July 11, 2016, the Executive Office for Immigration Review in Boston, Massachusetts, ordered Petitioner removed to Liberia, id. ¶ 8, and on August 1, 2016, ICE submitted a travel document request to the Embassy of Liberia, Mem. Supp. Mot. Dismiss, Decl. Deportation Officer David Scarberry ("First Scarberry Decl.") ¶ 6 [#12-1]. On August 23, 2016,

the Liberian government interviewed Petitioner and in October 2016, ICE submitted to the Liberian government a set of Petitioner's identity documents. Id. On October 15, 2016, at Petitioner's request, ICE reviewed Petitioner's detention status and concluded that he would not be released. Pet. ¶ 10 [#1].

On December 8, 2016, the Liberian government again interviewed Petitioner, First Scarberry Decl. ¶ 6 [#12-1], and on January 11, 2017, at Petitioner's request, ICE again reviewed Petitioner's detention status, Pet. ¶ 11 [#1]. ICE concluded that Petitioner would not be released. Id. ICE did not have the requested travel documents at that time, but stated that Petitioner's removal was anticipated in the reasonably foreseeable future. Pet. ¶ 11 [#1]. Sometime in March 2017, ICE submitted additional identity documents to the Liberian government. First Scarberry Decl. ¶ 6 [#12-1].

Petitioner filed his petition for a writ of habeas corpus on March 23, 2017, stating that because he had been detained for over six months, and because there was not a significant likelihood of his removal in the reasonably foreseeable future, he should be released. See generally, Pet. [#1]. On March 24, 2017, this court ordered Respondent to respond to the petition by April 14, 2017, and in any event, to give the court 48 hours' notice prior to any removal of Petitioner from the District of Massachusetts. Order [#4].

On April 13, 2017, Respondent notified the court of his intent to remove Petitioner from the District of Massachusetts to Louisiana on April 17, 2017, "for staging for his anticipated removal to Liberia." Notice Intent Remove [#8]. That same day, the court ordered Respondent to file an affidavit by 12:00 PM on April 14, 2017, "stating whether or not ICE has received the required travel documents from the Government of Liberia, and attesting whether or not

Petitioner's imminent removal to Liberia is certain." Order [#9]. It also directed Respondent to respond to the original Petition by April 14, 2017, as originally ordered. Id.

Respondent filed a Motion to Dismiss [#11] on April 14, 2017, asserting that Petitioner's removal was "to be effectuated in the reasonably foreseeable future," and thus that the Petition should be dismissed. Mem. Supp. Mot. Dismiss 1-2 [#12]. Deportation Officer David Scarberry ("Scarberry") submitted a declaration in support of that motion, stating that he met with the Liberian Embassy on April 13, 2017, and was informed that Liberia would not yet issue travel documents. First Scarberry Decl. ¶ 7 [#12-1]. Scarberry stated that in light of that fact, ICE had cancelled Petitioner's transfer to Louisiana. Id. He also stated that in light of recent removal statistics regarding Liberians, he still believed that "there is a significant likelihood that the petitioner will be removed in the reasonably foreseeable future." Id. ¶¶ 8-9. On May 8, 2017, Scarberry submitted a further declaration stating that on May 4, 2017, ICE provided further information to the Liberian government, and that the Liberian government had informed ICE that it would make its decision after speaking with Petitioner's family. Decl. Deportation Officer David Scarberry ("Second Scarberry Decl.") ¶¶ 8-9 [#17]. He further stated that ICE would schedule Petitioner's removal within two weeks of the date of issuance of the requested travel documents. Id. ¶ 10. However, as of May 8, 2017, ICE had not yet received those documents.

On May 9, 2017, this court held a hearing on Respondent's Motion to Dismiss [#11]. After the hearing, the court denied the Motion to Dismiss [#11] without prejudice, but allowed Respondent the opportunity to file a renewed motion at a later date. Order [#18]. Respondent filed his Renewed Motion to Dismiss [#20] on May 16, 2017. In support of that motion, Scarberry submitted a further declaration, reporting that the Liberian government spoke with Petitioner's brother on May 8, 2017, and that on May 12, 2017, the Liberian government had

3

informed ICE that prior to a June 12, 2017, scheduled charter flight to Liberia, it would decide whether to issue travel documents for Petitioner. Decl. Deportation Officer David Scarberry ("Third Scarberry Decl.") ¶¶ 11-12 [#21-1]. He further stated that ICE expected to remove Petitioner either on the June 12, 2017, charter flight, or within three weeks of the date of issuance of the travel documents. Id. ¶ 12. However, ICE had not yet received the requested travel documents.

On June 14, 2017, Respondent filed a Status Report and Notice of Intent to Remove [#25], explaining that the Liberian Embassy had issued the requested travel documents on June 12, 2017, and that the Department of Homeland Security intends to remove Petitioner to Liberia via charter flight scheduled for the week of July 17, 2017. Decl. Deportation Officer David Scarberry ("Fourth Scarberry Decl.") ¶¶ 6-7 [#25-1]. Petitioner has now been held in ICE custody for over fourteen months.

II. Analysis

The Supreme Court in Zadvydas v. Davis recognized six months as a presumptively reasonable period of post-final order, pre-removal detention. 533 U.S. 678, 701 (2001). After this six month period expires, a petitioner may seek release from custody by providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . ." Id. The government bears the burden of responding with "evidence sufficient to rebut that showing." Id.

Prior to June 14, 2017, Respondent had not provided evidence sufficient to show a significant likelihood of removal in the reasonably foreseeable future. Rather, Respondent reported statistics regarding the removal of other Liberian citizens. But those statistics provide this court with little information from which to glean what will happen in Petitioner's case.

4

Respondent also submitted representations of conversations with the Liberian government, each of which explained that Liberia was still considering whether to issue the requested travel documents for Petitioner's removal. Further, until May 16, 2017, Respondent could not provide this court with a timetable for when the Liberian government would decide whether to issue the documents, nor a timetable for when the Liberian government would issue such documents if it decided to do so. As explained at the court's May 9, 2017, hearing, such amorphous, second-hand statements are insufficient evidence of whether Petitioner's removal is likely to occur in the reasonably foreseeable future.

Respondent has, after many months of uncertainty, finally met its burden. On June 14, 2017, Scarberry reported that ICE was then in possession of the requested travel documents, which would allow for Petitioner's removal to Liberia the week of July 17, 2017. Fourth Scarberry Decl. ¶¶ 6-7 [#25-1]. Based on these representations, the court finds that Respondent has now shown evidence of a significant likelihood of Petitioner's removal in the reasonably foreseeable future.

III.     Conclusion

For the foregoing reasons, Respondent's Renewed Motion to Dismiss [#20] is GRANTED. Assuming Petitioner is deported as scheduled, Respondent shall file notice that deportation has occurred, at which time the court will enter final dismissal of the Petition [#1]. However, in light of the length of Petitioner's custody to date, Petitioner may file an amended petition if he is not deported the week of July 17, 2017.

IT IS SO ORDERED.

Date: July 6, 2017                                      /s/ Indira Talwani
                                                        United States District Judge