UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MOHAMED KENNEH, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 17-cv-10490-IT |
| | * | |
| STEVEN W. TOMPKINS, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

August 9, 2017

TALWANI, D.J.

Pending before this court is Petitioner Mohamed Kenneh's Amended Petition for Writ of Habeas Corpus ["Amended Petition"] [#28]. For the reasons set forth below, the Amended Petition is GRANTED.

I.  Factual and Procedural Background

Petitioner is a native and citizen of Liberia who last entered the United States as a legal permanent resident on November 1, 2000. Am. Pet. 1 [#28]; Notice & Order Ex. 1, at 6, ("Decision to Continue Detention") [#27-1]. Petitioner was subsequently convicted for violation of an abuse prevention order, and was served with a form 1-862 Notice to Appear pursuant to 8 U.S.C. § 1227(a)(2)(E)(ii). Id. On April 7, 2016, Petitioner was taken into ICE custody, and the order of removal issued on June 10, 2016, became final on July 11, 2016. Id.

On August 1, 2016, ICE submitted a travel document request to the Embassy of Liberia. Id. On August 23, 2016, the Liberian government interviewed Petitioner. Decl. Deportation Officer David Scarberry ("First Scarberry Decl.") ¶ 6 [#12-1]. On September 15, 2016, ICE's Boston Field Office issued a decision to continue detention, stating that if Petitioner had not been

released or removed from the United States by January 7, 2017, ICE Headquarters would make a final decision regarding his custody. Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, By Person Subject to Indefinite Immigration Detention ("Pet.") ¶ 10 [#1]; Pet. Ex. 1, at 2 [#1-1].

In October 2016, additional identity documents were submitted to the Liberian government, and on December 8, 2016, the Liberian government again interviewed Petitioner. First Scarberry Decl. ¶ 6 [#12-1]. On January 11, 2017, ICE advised Petitioner that it had reviewed his detention status, and concluded that Petitioner would not be released. Pet. ¶ 11 [#1]. ICE had not received the requested travel documents at that time, but nonetheless stated that "[a] travel document from the Government of Liberia is expected." Pet. Ex. 1, at 3 [#1-1].

Petitioner filed his petition for a writ of habeas corpus on March 23, 2017, stating that because he had been detained for over six months and there was not a significant likelihood of his removal in the reasonably foreseeable future, he should be released. See generally Pet. [#1]. On March 24, 2017, this court ordered Respondent to respond to the petition by April 14, 2017, and in any event, to give the court 48 hours' notice prior to any removal of Petitioner from the District of Massachusetts. Order [#4].

Sometime in March 2017, additional identity documents were presented to the Liberian government. First Scarberry Decl. ¶ 6 [#12-1].

On April 13, 2017, Respondent notified the court of ICE's intent to remove Petitioner from the District of Massachusetts to Louisiana on April 17, 2017, "for staging for his anticipated removal to Liberia." Notice Intent Remove [#8]. The court ordered Respondent to file an affidavit "stating whether or not ICE has received the required travel documents from the

Government of Liberia, and attesting whether or not Petitioner's imminent removal to Liberia is certain." Order [#9].

Respondent filed a Motion to Dismiss [#11] on April 14, 2017, asserting that Petitioner's removal was "to be effectuated in the reasonably foreseeable future," and thus that the Petition should be dismissed. Mem. Supp. Mot. Dismiss 1-2 [#12]. In support of the motion (and presumably in response to the court's order), Deportation Officer David Scarberry ("Scarberry") submitted a declaration stating that he met with the Liberian Embassy on April 13, 2017, and was informed that Liberia would not yet issue a travel document. First Scarberry Decl. ¶ 7 [#12-1]. Scarberry stated that in light of that fact, ICE had cancelled Petitioner's transfer to Louisiana. Id. He also stated that based on recent removal statistics regarding Liberians, he still believed that "there is a significant likelihood that the petitioner will be removed in the reasonably foreseeable future." Id. ¶¶ 8-9. On May 8, 2017, Scarberry submitted a further declaration stating that ICE provided further information to the Liberian government on May 4, 2017, and that the Liberian government had informed ICE that it would make its decision after speaking with Petitioner's family. Decl. Deportation Officer David Scarberry ("Second Scarberry Decl.") ¶¶ 8-9 [#17]. Scarberry further stated that ICE would schedule Petitioner's removal within two weeks of the date of issuance of the requested travel document. Id. ¶ 10. However, as of May 8, 2017, ICE had not yet received those documents.

On May 9, 2017, this court held a hearing on Respondent's Motion to Dismiss [#11]. After the hearing, the court denied the Motion to Dismiss [#11] without prejudice, but allowed Respondent the opportunity to file a renewed motion at a later date. Order [#18].

Respondent filed his Renewed Motion to Dismiss [#20] on May 16, 2017. In support of that motion, Scarberry submitted a further declaration, reporting that the Liberian government

spoke with Petitioner's brother on May 8, 2017, and that on May 12, 2017, the Liberian government had informed ICE that it would decide prior to a June 12, 2017, scheduled charter flight to Liberia whether to issue a travel document for Petitioner. Third Decl. Deportation Officer David Scarberry ("Third Scarberry Decl.") ¶¶ 11-12 [#21-1]. He further stated that ICE expected to remove Petitioner either on the June 12, 2017, charter flight, or within three weeks of the date of issuance of the travel document. Id. ¶ 13. However, ICE still had not yet received the requested travel document.

On June 14, 2017, Respondent filed a Status Report and Notice of Intent to Remove [#25], explaining that the Liberian Embassy had issued the requested travel document on June 12, 2017, and that the Department of Homeland Security intended to remove Petitioner to Liberia via a charter flight scheduled for the week of July 17, 2017. Third [sic] Decl. Deportation Officer David Scarberry ("Fourth Scarberry Decl.") ¶¶ 6-7 [#25-1]. Based on those representations, the court dismissed the Petition [#1]. Mem. & Order 5 [#26].

On August 5, 2017, Petitioner filed an Amended Petition and Motion to Expedite Adjudication of Petition [#28]. The court granted the motion to expedite and set a hearing on the Amended Petition [#28] for August 8, 2017. Elec. Order [#30]. On August 8, 2017, Respondent filed a Fifth Declaration of Deportation Officer David Scarberry ("Fifth Scarberry Decl.") [#31]. That declaration advised the court for the first time that the ICE charter flight scheduled for the week of July 17, 2017, "was unexpectedly cancelled and moved to the week of August 7." Id. ¶ 7. Moreover, Petitioner was not placed on the August 7 flight, after ICE kept him off at the request of the Liberian Embassy. Id. ¶ 8. Scarberry now asserts that Petitioner is scheduled to be

removed on August 29, 2017, "under escort by two ICE agents" via commercial flight, and that "documentation and arrangements" for Petitioner's removal are "complete."[1] Id.

Petitioner, having been in ICE custody for three months before his removal order became final, has now been held an additional thirteen months after his removal order became final.

II.     Analysis

The Due Process Clause protects every person "within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). This protection extends to individuals like Petitioner, who are subject to a final order of removal. Id. District courts conducting review of an alien's detention under the federal habeas corpus statute, 28 U.S.C. § 2241, must consider whether the alien has been "condemned to an indefinite term of imprisonment within the United States," simply because the United States "finds itself unable to remove" him. Zadvydas, 533 U.S. at 695. Such review comports with "the 'historic purpose of the writ,' namely, 'to relieve detention by executive authorities without judicial trial.'" Id. at 699.

Thus, only detention for the "period reasonably necessary to secure removal"—presumptively set at six months—is constitutional. Id. at 699, 701 (observing that the purpose of pre-removal detention is to secure an "alien's presence at the moment of removal"). After this six month period expires, a petitioner may seek release from custody by providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701. The government bears the burden of responding with "evidence sufficient to rebut that

---

[1] The record is further clouded by ICE's letter to Petitioner, dated June 30, 2017 (eighteen days after the Liberian Embassy had reportedly issued the travel document), stating that "ICE is currently working with the Government of Liberia to secure a travel document for [Petitioner's] removal from the United States. A travel document from the Government of Liberia is expected . . . ." Decision to Continue Detention [#27-1].

showing." Id. And, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

Here, from January to May of 2017, ICE asserted that there was a significant likelihood of removal in the reasonably foreseeable future despite not having a travel document in hand. The evidence offered to the court—Deportation Officer Scarberry's assurances of what a foreign government was likely to do, see Mem. & Order 4-5 [#26]—was not sufficient to rebut Petitioner's showing. In retrospect, due process may well have required not only that the court deny Respondent's Renewed Motion to Dismiss [#20], but that the court should have granted the Petition [#1].

Equally or perhaps more troubling were the promises made, but not fulfilled, as to the speed with which removal would occur once a travel document was obtained. See First Scarberry Decl. ¶ 8 [#12-1] ("Once the anticipated travel document is issued by the Embassy, ICE will schedule petitioner's removal within two weeks of date of issuance and petitioner will be removed shortly thereafter."); Second Scarberry Decl. ¶ 10 [#17] (same); Third Scarberry Decl. ¶ 13 [#21-1] ("Once the anticipated travel document is issued by the Embassy, ICE expects that Kenneh will be removed on the June 2017 charter flight or within three weeks of date of issuance."); Fourth Scarberry Decl. ¶¶ 6-7 [#25-1] (advising the court that the travel document had been obtained and "[r]emoval will be scheduled by ICE charter flight to Liberia the week of July 17, 2017"). The court dismissed the Petition [#1] based on those representations, Mem. & Order 5 [#26], but two months after ICE received the travel document, Petitioner remains in custody.

Having been led astray by Deportation Officer Scarberry's assurances of prompt removal once the travel document was received, the court cannot credit the latest representations—that

6

Petitioner will be placed on a flight to Liberia on August 29, 2017. See Fifth Scarberry Decl. ¶ 8 [#31]. On this record, the court is unable to find that the government has met its burden of showing "a significant likelihood that the Petitioner will be removed in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Accordingly, Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

III.     Conclusion

For the foregoing reasons, Petitioner's Amended Petition for Writ of Habeas Corpus and Motion to Expedite Adjudication of Petition [#28] is GRANTED. Petitioner shall be RELEASED from ICE custody upon conditions to be set by the court at a hearing which shall be held on August 30, 2017, at 11:00 A.M.

If Petitioner is removed to Liberia prior to August 30, 2017, the parties shall file a joint motion requesting that the hearing be cancelled. The court reminds the parties of their ongoing obligation to notify the court if any facts or circumstances change.

IT IS SO ORDERED.

Date: August 9, 2017                                /s/ Indira Talwani
                                                    United States District Judge