UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MOHAMED KENNEH, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 17-cv-10490-IT |
| | * | |
| STEVEN W. TOMPKINS, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

August 31, 2017

TALWANI, D.J.

In March 2017, Petitioner Mohamed Kenneh filed a petition for a writ of habeas corpus, stating that he had been in ICE custody for over six months since his order of removal had become final, and that ICE had still not received from the Government of Liberia requisite travel document. Pet. [#1]. Over the next two months, Respondent Steven W. Tompkins, through Deportation Officer David Scarberry, acknowledged that ICE had not yet received the travel document. See Decl. Deportation Officer David Scarberry ¶ 7 [#12-1]; Decl. Deportation Officer David Scarberry ¶¶ 8-9 [#17]; Third Decl. Deportation Officer David Scarberry ¶¶ 11-12 [#21-1]. On June 14, 2017, however, Respondent stated that the Government of Liberia had issued the requested travel document on June 12, 2017, and that ICE intended to remove Petitioner to Liberia via a charter flight scheduled for the week of July 17, 2017. Third [sic] Decl. Deportation Officer David Scarberry ¶¶ 6-7 [#25-1]. Based on the representations that the travel document had issued and that travel was scheduled for the week of July 17, the court dismissed the petition.

Mem. & Order 5 [#26].[1]

On August 5, 2017, Petitioner, through counsel, filed an <u>Amended Petition and Motion to Expedite Adjudication of Petition</u> [#28] stating that he was still in ICE custody. <u>Id.</u> at 3. On August 8, 2017, Respondent informed the court that the July charter flight to Liberia had been rescheduled for the week of August 7, 2017, and that Petitioner was then kept off that flight at the Liberian Embassy's request. Fifth Decl. Deportation Officer David Scarberry ¶¶ 7-8 [#31].[2] Respondent further represented that Petitioner was scheduled to be removed to Liberia via commercial flight on August 29, 2017, and that Petitioner's documentation and arrangements were "complete." <u>Id.</u> Petitioner's counsel argued that the writ should be granted based on the length of Petitioner's time in custody and the unreliability of Respondent's assertions with respect to when Petitioner would be removed.[3]

The court granted Petitioner's amended petition in open court and set a hearing to discuss the conditions of Petitioner's release pending removal if he was not removed on the August 29, 2017, flight. <u>See</u> Elec. Clerk's Notes [#33]. As explained in the <u>Memorandum and Order</u> [#34], in light of Respondent's prior assurances of prompt removal, the court could not assume that Respondent would be removed as scheduled, and accordingly, concluded that Respondent had

---

[1] The record does not reflect whether Petitioner's counsel advised Petitioner of this decision, or of Respondent's representations as to the travel document. Petitioner subsequently sought to file a *pro se* <u>Motion to Expedite Adjudication of Writ for Habeas Corpus</u>, which the court forwarded to his counsel, directing her to determine if Petitioner was still in custody or if he had been deported as scheduled. Notice & Order [#27]. Review of the *pro se* document suggests that Petitioner was not aware of Respondent's June 14, 2017, claim that the Liberian government had provided the travel document, or the court's order dismissing his petition. [#27-1].
[2] At the hearing on the Amended Petition (which Petitioner attended), Petitioner's counsel acknowledged that Respondent's counsel had informed her of these developments, but that she had not relayed them to her client.
[3] To the extent Petitioner had concerns regarding the validity of the travel document, his counsel did not raise them with the court.

2

failed to meet his burden of showing "a significant likelihood that the Petitioner will be removed in the reasonably foreseeable future." Id. at 7 (citing Zadvydas v. Davis, 533 U.S. 678, 701 (2001)). The court set a bail hearing for the day after the scheduled flight, and directed counsel that "[i]f Petitioner is removed to Liberia prior to August 30, 2017, the parties shall file a joint motion requesting that the hearing be cancelled." Id.[4]

On August 30, 2017, Respondent filed a Motion for Reconsideration and Renewed Motion to Dismiss [#36], seeking reconsideration of this court's decision to grant the amended petition. To support his motion, Respondent points to, among other things, the following, unrebutted facts: (1) Petitioner was scheduled for removal to Liberia via commercial flight on August 29, 2017, Resp.'s Mem. Law Supp. His Renewed Mot. Dismiss, Ex. 1 ¶ 4 [#37-1]; (2) Petitioner was transported to Boston Logan Airport in Massachusetts on August 29, 2017, for purposes of boarding a commercial flight to Liberia; id. ¶¶ 4-5, and (3) Petitioner refused to exit the transport vehicle, id. ¶ 5. These facts constitute "evidence sufficient to rebut" Petitioner's previous showing that "there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. As a result, Petitioner has failed to state a claim that he is being improperly detained.[5]

---

[4] The record does not reflect whether Petitioner was provided a copy of the Memorandum and Order [#34].

[5] Petitioner purportedly was surprised to find that he was being transported to the airport on August 29, and had reason to believe that the Liberian government had not issued the travel document. His surprise, if true, may show his limited understanding of these proceeding. The assertion that he had reason to believe that the Liberian government may not have issued travel document, if true, raises concerns that his counsel may not have fully explained to her client the developments in the case, including Respondent's claim that the travel document had issued in June. At this juncture, however, that background does not help Petitioner's claim for habeas relief. Petitioner's counsel is directed, however, to provide Petitioner a copy of this order, and copies of all filings in this case not previously provided to him.

Accordingly, Respondent's Motion for Reconsideration and Renewed Motion to Dismiss [#36] is GRANTED. Petitioner's Amended Petition for Writ of Habeas Corpus [#28] is DISMISSED.

IT IS SO ORDERED.

Date: August 31, 2017 /s/ Indira Talwani
United States District Judge